TO BE PUBLISHED

# Supreme Court of Kentucky

## 2016-SC-000607-KB

DATE 4/4/17 Kim Redmon, DC

KENTUCKY BAR ASSOCIATION                                    MOVANT

.V.                                    IN SUPREME COURT

MICHAEL THORNSBURY                                    RESPONDENT
KBA MEMBER NO. 70873

## OPINION AND ORDER

Respondent, Michael Thornsbury, was admitted to the practice of law in the Commonwealth of Kentucky on October 22, 1980. His bar roster address is 500 Laketower Drive, Unit 32, Lexington, Kentucky 40502, and his member number is 70873.

On September 19, 2013, Respondent was charged by the United States Attorney for the Southern District of West Virginia with a felony offense for conspiracy to violate the constitutional rights of another under 18 U.S.C. § 241. *U.S. v. Thornsbury*, 2:13-cr-00208 (S.D. W.Va. 2013). The indictments stated that Respondent had engaged in criminal conspiracies in his role as West Virginia Circuit Judge to frame his secretary's husband for crimes he did not commit following Respondent's affair with his secretary. On October 2, 2013, Respondent pled guilty to the charge, for which he received a sentence of

50 months' incarceration in federal prison. Respondent also tendered his "Affidavit for Consent to Disbarment" in conjunction with his plea agreement.

The West Virginia Judicial Disciplinary Counsel concluded that Respondent violated numerous West Virginia judicial canons and West Virginia Rules of Professional Conduct 8.4(b). That provision is similar to Kentucky Supreme Court Rule 3.130 (8.4)(b) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects). On October 21, 2013, the West Virginia Supreme Court of Appeals of ordered that Respondent's license to practice law be annulled by voluntary consent.

On November 2, 2016, the Kentucky Bar Association (KBA) filed a petition for reciprocal discipline pursuant to SCR 3.435. Pursuant to that rule, Respondent is subject to identical reciprocal discipline in the Commonwealth of Kentucky unless he proves by substantial evidence: (a) a lack of jurisdiction or fraud in the West Virginia disciplinary action, or (b) that his misconduct warrants substantially different discipline in this Commonwealth.

On November 4, 2016 this Court ordered the following:

Within twenty (20) days of the date of the entry of this order, Respondent is ordered to show cause why he should not be permanently disbarred, as consistent with an order of identical discipline from the Supreme Court of West Virginia.

Respondent failed to comply with the November 4, 2016, order.

ACCORDINGLY, IT IS ORDERED:

1. Respondent, Michael Thornsbury, KBA Member Number 70873, is permanently disbarred, as consistent with an order of identical discipline from

2

the Supreme Court of West Virginia, effective from the entry of this opinion and order.

2. Pursuant to SCR 3.390, Respondent shall, if he has not already done so, within ten (10) days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his suspension from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel. Furthermore, to the extent possible, Respondent shall immediately cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: March 23, 2017.

CHIEF JUSTICE